UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-1475 JGB (SHKx)** | Date | October 15, 2020 |
|---|---|---|---|
| Title | *Sean Michael Dordoni, et al. v. FCA US LLC, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**  Order (1) GRANTING Plaintiffs' Motion for Remand (Dkt. No. 17); (2) DENYING Defendant's Motion to Strike (Dkt. No. 19); and (3) VACATING the October 19, 2020 Hearing (IN CHAMBERS)

  Before the Court are two Motions: a Motion for Remand filed by Plaintiffs Sean Michael Dordoni and Martha Gina Dordoni, ("Motion to Remand," Dkt. No. 17,) and a Motion to Strike Plaintiff's First Amended Complaint by Defendant FCA US LLC ("Motion to Strike," Dkt. No. 19.)  The Court finds both Motions appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support of and in opposition to the Motions, the Court GRANTS the Motion to Remand and DENIES the Motion to Strike.  The Court vacates the hearing set for October 19, 2020.

**I.  BACKGROUND**

  On June 9, 2020, Plaintiffs filed their Complaint in the Superior Court of the State of California for the County of Riverside against Defendants FCA US LLC ("FCA Defendant") and Doe Defendants.  ("Complaint," Dkt. No. 1-2.)  The Complaint alleges five causes of action: (1) Violations of California Civil Code Section 1793.2(d); (2) Violations of California Civil Code Section 1793.2(b); (3) Violations of California Civil Code Section 1793.2(a)(3); (4) Breach of Express Written Warranty; and (5) Breach of the Implied Warranty of Merchantability.  (Complaint.)  All causes of action arise out of Plaintiffs' April 14, 2019 purchase of a vehicle, a 2019 RAM 1500, which Plaintiffs allege was a lemon.  Id.  FCA Defendant manufactured the vehicle.  Id.  On July 27, 2020, Defendant filed its Answer in state court.  (Dkt. No. 1-5.)

On July 24, 2020, FCA Defendant removed the action to federal court on diversity grounds. ("Notice of Removal," Dkt. No. 1.) On August 14, 2020, Plaintiffs amended their Complaint as of right and filed a First Amended Complaint adding DCH Temecula Motors LLC, ("Dealership Defendant,") a California Corporation, as a Defendant and alleging negligent repair. ("FAC," Dkt. No. 12.) The addition of Dealership Defendant destroyed diversity.

Plaintiff filed the Motion to Remand on August 27, 2020. ("Motion to Remand.") FCA Defendant opposed the Motion on September 4, 2020. ("Remand Opposition," Dkt. No. 18.) Less than a week later, FCA Defendant filed the Motion to Strike Plaintiff's First Amended Complaint. ("Motion to Strike.") Plaintiffs replied in support of the Motion to Remand on September 14, 2020. ("Remand Reply," Dkt. No. 22.) Plaintiffs opposed Defendant's Motion to Strike on September 28, 2020. ("Strike Opposition," Dkt. No. 26.) Defendants replied on October 5, 2020. ("Strike Reply," Dkt. No. 28.)

## II.   LEGAL STANDARD

### A.   Motion to Remand

Plaintiff's claims arise under state law, and Defendant removed on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013). Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over state law actions where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship. Diversity of citizenship must be complete, and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted); see also Alvarado v. Fca US, LLC, 2017 WL 2495495, at *2 (C.D. Cal. June 8, 2017) (same).

The right to remove is not absolute, even where original jurisdiction exists. A defendant may not remove on diversity jurisdiction grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b)(2). And a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.; see also Carrillo v. FCA US LLC, 2020 WL 2097743, at *1 (C.D. Cal. May 1, 2020).

### B. Motion to Strike

Under Rule 12(f) of the Federal Rules of Civil Procedure, a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted). Motions under Rule 12(f) are "generally regarded with disfavor because of the limited importance of pleading in federal practice[.]" Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). A court has discretion in determining whether to strike matter from a pleading. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

To analyze a motion to strike under Rule 12(f), the Court must determine whether the matter the moving party seeks to have stricken is: (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. 618 F.3d at 973–74. The Ninth Circuit defines "immaterial" matter as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc., 984 F.2d at 1527 (9th Cir. 1993) (internal quotation marks and citation omitted) (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706–07 (1990)). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question.'" Id.; See also DeVore v. Metro. Life Ins. Co., 2019 WL 3017667, at *1–2 (C.D. Cal. Feb. 7, 2019) (applying the Rule 12(f) standard).

The grounds for a motion to strike must appear on the face of the pleading under attack, SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995), aff'd by 142 F.3d 1186 (9th Cir. 1998), and courts generally do not determine disputed or substantial questions of law on a motion to strike, F.T.C. v. Medicor LLC, 2001 WL 765628, at *2 (C.D. Cal. June 26, 2001).

In addition, the Court must view the pleading under attack in the light more favorable to the pleader when ruling upon a motion to strike. Vogel v. OM ABS, Inc., 2014 WL 340662, at *2 (C.D. Cal. Jan. 30, 2014). If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion. Jacobson v. Persolve, LLC, 2014 WL 4090809, at *2 (N.D. Cal. Aug. 19, 2014). As a rule, motions to strike are regarded with disfavor because striking is such a drastic remedy; as a result, such motions are infrequently granted. Vogel, 2014 WL 340662, at *2. Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court. Jacobsen, 2014 WL 4090809, at *2; see also Whiting v. City of Palm Desert, 2018 WL 6034968, at *2 (C.D. Cal. May 17, 2018) (same).

### C. Diversity-Destroying Defendants

After removal, if a plaintiff "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). Federal Rule of Civil Procedure 15 provides that

parties may amend their pleadings once as a matter of course, provided that amendment occurs within 21 days of service or, if the pleading is one to which a responsive pleading is required, 21 days after service of that responsive pleading. Fed. R. Civ. P. 15(a)(1). Rule 15 also states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit holds " '[t]his policy is to be applied with extreme liberality.' " Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). The Ninth Circuit considers five factors when considering a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) the futility of amendment, and (5) whether the plaintiff has previously amended his or her complaint. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). "The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility of amendment." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co., 2009 WL 650730, at *2 (C.D. Cal. Mar. 12, 2009) (citing Eminence Capital, 316 F.3d at 1052; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186-87 (9th Cir. 1987)).

However, some courts in this circuit have found that "the permissive amendment under Rule 15(a) does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant." Chan v. Bucephalus Alternative Energy Group, LLC, 2009 WL 1108744, at *3 (N.D. Cal. 2009) (citing Bakshi v. Bayer Healthcare, LLC, 2007 WL 1232049, at *2 (N.D. Cal. 2007)). These courts consider the following six factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." See IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); Boon v. Allstate Ins. Co., 299 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002); Gloria Malijen v. Ford Motor Co., 2020 WL 5934298, at *2 (C.D. Cal. Aug. 20, 2020) (same).

### III.  DISCUSSION

The central issue for both the Motion to Remand and the Motion to Strike is whether the addition of Dealership Defendant in Plaintiffs' FAC is proper. FCA Defendant argues Plaintiffs added Dealership Defendant solely for the purpose of defeating diversity jurisdiction. (Opposition, Motion to Strike.) Plaintiffs argue that under the standards for fraudulent joinder, the addition of Dealership Defendant is proper. (Motion to Remand p. 12.) Even under the stricter standard required by the fact that Plaintiffs have added a diversity-destroying defendant, Plaintiffs prevail.

//
//
//

### A. Necessary Parties Under Rule 19(a)

A "necessary party" under Rule 19 is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." See CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 805, 912 (9th Cir. 1991) (citation omitted). "Although courts consider the standard set forth in Rule 19 in determining whether to permit joinder under Section 1447(e), amendment under [Section] 1447(e) is a less restrictive standard than for joinder under Rule 19." Avellanet v. FCA US LLC, 2019 WL 5448199, at *2 (C.D. Cal. Oct. 24, 2019) (alterations in original) (internal quotations omitted). The standard for joinder under section 1447(e) "is met when failure to join will lead to separate and redundant actions." IBC Aviation Servs., 125 F. Supp. 2d at 1011 (citing CP Nat'l, 928 F.3d at 910). In contrast, the joinder of non-diverse defendants is not necessary "where those defendants are only tangentially related to the cause of action or would not prevent complete relief." Id. at 1012.

Dealership Defendant is a necessary party under Rule 19. Plaintiffs allege they "delivered the Vehicle to [Dealership Defendant] for repair on numerous occasions." (FAC ¶ 39.) They further allege that Dealership Defendants' "failure to properly store, prepare, diagnose and/or repair the Vehicle in accordance with industry standards" caused them damages. (Id. at ¶ 41.) These allegations fit into the broader context of Plaintiffs' allegations against FCA Defendant, which are, simply put, that their vehicle does not work the way it is supposed to. An action against FCA Defendant without Dealership Defendant enables an "empty chair" defense, in which a present Defendant can point to an absent one as the cause of Plaintiffs' damages. This factor supports joinder.

### B. Statute of Limitations

"When a claim is timely filed in state court and then removed, a finding that the statute of limitations would preclude the filing of a new, separate action against a party whose joinder has been denied in the federal proceeding, may warrant remand." Murphy v. Am. Gen. Life Ins. Co., 74 F. Supp. 3d 1267, 1284 (C.D. Cal. 2015) (citing Petrosyan v. AMCO Ins. Co., 2013 WL 3989234, at *3 (C.D. Cal. Aug. 2, 2013)). Plaintiff's state law negligent repair claim is subject to a three-year statute of limitations. McAdams v. Ford Motor Co., 2019 WL 2378397, at *5 (N.D. Cal. June 5, 2019) ("Under California law, the statute of limitations for a negligent repair claim is three years.") (citing Cal. Code Civ. Proc. § 338(c)(1)). Plaintiffs allege they purchased the vehicle in question on April 14, 2019. (FAC ¶ 1.) Because Plaintiffs would not be time-barred from filing a new action in state court, the second factor does not support joinder.

### C. Timeliness

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." Clinco v. Roberts, 41 F.

Supp. 2d 1080, 1083 (C.D. Cal. 1999).  Here, Plaintiffs amended their Complaint fewer than 21 days after FCA Defendant filed its Answer.  No dispositive motions have been filed.  In similar circumstances, courts have found amendment timely.  See, e.g., Lara v. Bandit Indus., Inc., 2013 WL 1155523, at *3 (E.D. Cal. Mar. 19, 2013) (finding delay of five months after filing and three months after removal timely where no dispositive motio ns had been filed and discovery had not been completed); Aqua Connect, Inc. v. Code Rebel, LLC, 2012 WL 1535769, at *2 (C.D. Cal. Apr. 27, 2012) ("The Court finds that the five-month delay in requesting for leave to amend is not an unreasonable amount of time."); Yang v. Swissport USA, Inc., 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010) (finding delay of nine months tolerable where no dispositive motions had been filed); Gloria Malijen v. Ford Motor Co., 2020 WL 5934298, at *3 (C.D. Cal. Aug. 20, 2020) ("Plaintiff filed the motion to amend a mere four months after the filing of the initial Complaint and just one month after removal.")  The timeliness factor thus weighs in favor of joinder.

### D.  Purpose of Joinder

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." Desert Empire Bank v. Ins. Co. of N. America, 623 F.2d 1371, 1376 (9th Cir. 1980).  However, suspicion of amendment for the purpose of destroying diversity is not an important factor in this analysis, as section 1447(e) gives courts flexibility in determining how to handle addition of diversity-destroying defendants.  See IBC Aviation Servs., 125 F. Supp. 2d at 1012 ("The legislative history to § 1447(e) . . . suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion.").

Although Defendants submit compelling evidence to support a conclusion that Plaintiffs have added Dealership Defendant for the purposes of defeating diversity, (see Declaration of Michael J. Gregg, Dkt. No. 18-1,) Plaintiffs' underlying legal allegations against Dealership Defendant are not so threadbare as to support a conclusion of bad faith.

### E. Validity of Claims Against New Defendant

As alluded to above, the Court finds Plaintiffs' negligent repair claim facially viable.  To state a facially viable claim for purposes of joinder under section 1447(e), a plaintiff need not allege a claim with particularity or even plausibility.  Instead, "under section 1447(e), the Court need only determine whether the claim 'seems' valid."  Freeman v. Cardinal Health Pharmacy Servs., LLC, 2015 WL 2006183, at *3 (E.D. Cal. May 1, 2015) (quoting Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1174 (E.D. Cal. 2011)); see also Sabag, 2016 WL 6581154, at *6 ("In considering the validity of plaintiff's claims, the [c]ourt need only determine whether the claim seems valid which is not the same as the standard in either a motion to dismiss or a motion for summary judgment.") (internal quotations omitted).

To state a claim for negligent repair, a plaintiff need only establish the elements of a standard negligence claim: duty, breach, causation, and damages.  Hayes v. FCA US LLC, 2020

WL 2857490, at *2 (C.D. Cal. June 2, 2020). Here, Plaintiffs allege all of the above. (FAC.) Plaintiffs' proposed allegations are sufficient to state a negligent repair claim that "seems valid." Freeman, 2015 WL 2006183, at *3 (internal quotations omitted).

### F. Prejudice to Plaintiffs

The final factor weighs in favor of joinder because "[i]f the Court were to deny plaintiff's motion for leave to amend, plaintiff would be required to pursue two substantially similar lawsuits in two different forums — an action against [Defendant] before this Court and an action against [Proposed Defendants] in California state court." Sabag, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016); see also Lara, 2013 WL 1155523, at *5 ("This Court [ ] finds that precluding Plaintiffs from joining [the proposed defendant] would prejudice Plaintiffs because they would be required either to abandon a viable claim against [the proposed defendant] or to initiate a duplicative litigation in state court.").

Plaintiffs allege a viable cause of action against Dealership Defendant arising out of the same set of incidents giving rise to their causes of action against FCA Defendant. Moreover, pursuant to Federal Rule 15, Plaintiffs were entitled to amend their Complaint once within 21 days of service of the Answer without leave of Court. Because Plaintiffs' legitimate amendment destroyed the Court's subject matter jurisdiction, remand is proper, and Defendants' Motion to Strike is DENIED.

### IV. CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's Motion to Remand and DENIES Defendant's Motion to Strike. This action is hereby remanded to the Superior Court of the State of California for the County of Riverside. The October 19, 2020 hearing is VACATED.

**IT IS SO ORDERED.**